IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK A. WATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 15-589 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since August 18, 2011. (ECF No. 7-7, p. 2). Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on August 9, 2013. (ECF No. 7-3). On November 22, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 25-40).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Opinions of Treating Physicians and Examining Psychologist

Plaintiff first argues that the ALJ erred in failing to give "substantial weight" to the opinions of his treating doctors and an examining psychologist. (ECF No. 12, pp. 9-14). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give

3

that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ Plaintiff submits that the "reasons the ALJ has rejected these reports is not supported by the record and the ALJ has erred." (ECF No. 12, p. 14). In support of the same, however, Plaintiff first seems to argue that the ALJ erred in failing to give these opinions substantial weight simply because they were his treating physician. (ECF No. 12, pp 9-12). While the treating physician's rule exists, as set forth above, when there are conflicting medical opinions, the ALJ may choose whom to credit. *Becker,* 2010 WL 5078238 at *5; *Diaz*, 577 F.3d at 505. In this case, there are conflicting opinions. Consequently, there is no merit to this argument.

Next, Plaintiff argues that there is substantial evidence from his treating physician to support that he has very severe impairments and limitations resulting therefrom. (ECF No. 12, pp. 11-12). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen*

4

*v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

Plaintiff then states that the ALJ erred "when he indicated that Dr. Kochik was not aware of Plaintiff's substance use issue." (ECF No. 12, p 12). To begin with, the ALJ does not state that Dr. Kochik was not aware of Plaintiff's substance use issue. *See,* ECF No. 7-2, pp. 29-40. Rather, in weighing Dr. Kochik, the ALJ found that "[n]oticably absent are a diagnosis of substance abuse indicating that Dr. Kochik was mislead (sic) about a very important part of claimant's medical history." *Id.* at p. 36. Furthermore, I have reviewed the reasons the ALJ did not give Dr. Kochik's opinion great weight. (ECF No. 7-2, pp. 36-37). I find the reasons given by the ALJ in weighing Dr. Kochik's opinions to be appropriate (internal inconsistency, inconsistent with other medical evidence/objective findings and undermined by Plaintiff subjective reports of pain which the ALJ found to be not entirely credible), sufficiently explained and supported by substantial evidence of record. (ECF No. 7-2, pp. 29-39); 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions). Therefore, I find no error in this regard on the part of the ALJ.

Finally, Plaintiff specifically objects to the ALJ's statements regarding Plaintiff's "drug-seeking behavior" and the use of such determination by the ALJ in weighing the medical opinion evidence. After a review of the record, I find there is substantial evidence of record to support said statements by the ALJ. (ECF No. 7-2, pp. 29-39). Additionally, I find that it was proper for the ALJ to consider the same in weighing the medical opinions. Lastly, I find the ALJ more than adequately evaluated and weighed the opinion evidence and that such evaluations were based on substantial evidence of record. *Id.*

Consequently, remand is not warranted on this basis.

## C. Residual Functional Capacity ("RFC") [1]

Plaintiff also argues that the ALJ improperly determined his RFC. (ECF No. 12, pp. 14-17). The entirety of Plaintiff's argument in support thereof is that there substantial evidence to support that he is not able to physically or mentally do the work set forth in the ALJ's RFC finding.[2] *Id.* The standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is completely misplaced. Therefore, I find the argument is not sufficiently developed to place the issue clearly before me.

Nonetheless, I have reviewed the evidence of record and, based on the same, I find there is substantial evidence to support the RFC determination. *See,* ECF No. 7-2, pp. 29-39. Consequently, remand is not warranted on this basis.

## D. Vocational Expert

Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 12, pp. 17-18). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 7-2, pp. 29-40; No. 7-3, pp. 35-43). Consequently, I find no error in this regard.

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[2] The ALJ found Plaintiff has the RFC to perform sedentary work with exceptions. (ECF No. 7-2, pp. 29-30).

### E. **Plaintiff's Complaints of Pain**

Lastly, Plaintiff argues that the ALJ erred by improperly evaluating his complaints of pain and discrediting those complaints. (ECF No. 12, pp. 18-20). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Replete throughout this section, Plaintiff suggests there is evidence to show Plaintiff was credible. (ECF No. 12, pp. 18-20). Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 7-2, pp. 29-40). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be contradictory. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §416.929 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not

7

entirely credible. (ECF No. 7-2, pp. 29-40). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

      An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK A. WATT, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 15-589
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 1st day of February, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                      BY THE COURT:

                      s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge